UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:     Martha Hunt                               Case number: 19-17099-RAM

Debtor.                                              Chapter 13

_____/

OBJECTION TO CLAIM AND NOTICE OF HEARING ON OBJECTION TO CLAIM

*IMPORTANT NOTICE TO CREDITOR: THIS IS AN OBJECTION TO YOUR CLAIM*

*This objection seeks either to disallow or reduce the amount or change the priority status of the claim filed by you or on your behalf. Please read this objection carefully to identify which claim is objected to and what disposition of your claim is recommended. This objection also sets an expedited hearing on this objection on the date already scheduled for the confirmation hearing in accordance with Local Rule 3007-1(B)(2).*

Pursuant to Bankruptcy Rule 3007 and Local Rule 3007-1, the Debtor(s) objects to the following claim filed in this case:

| Claim # | Name of Claimant | Amount of Claim | Basis for Objection and Recommended Disposition |
|---|---|---|---|
| 10 | American Investment Services, LLP | $51,006.60 | Claimant filed its *proof of claim no. 10* on April 29, 2020 ("POC") seeking an interest rate of 13% regarding the claim amount of $51,006.60 ("Claim"). Claimant obtained a Final Judgment of Foreclosure dated March 6, 2019 ("Final judgment") regarding this claim. **Exhibit A.** As such, the Debtor seeks to treat this claim by reducing the interest rate from 13% to 6.33% pursuant to Florida Statute as the final judgment shall be paid off through the chapter 13 plan. |

ATTORNEY ACKNOWLEDGMENT

The movant, or movant's counsel, ARIEL SAGRE, ESQ., shall serve a copy of this objection and notice of hearing on all required parties and shall file this original objection and notice and completed certificate of service with the court *not later than 14 days prior to the hearing date* and that a certificate of service conforming to Local Rule 2002-1(F) must be filed with the Court when the objection and notice of hearing are served.

## CERTIFICATE OF SERVICE AND COMPLIANCE WITH LOCAL RULE 9073-1(D)

I hereby certify that a true copy of the foregoing objection and notice of hearing was served on all parties listed below on May 19, 2020 and that I have conferred with opposing counsel in an attempt to resolve these issues before requesting this hearing.

ECF
Nancy N. Neidich, Esquire
Office of the Standing Chapter 13 Trustee
P.O. Box 279806
Miramar, FL 33027

First-Class U.S. Mail
American Investment Services, LLP
c/o Sabrina Chassagne, P.A.
One NE 2nd Avenue, Suite 208
Miami, FL 33132

ECF
Sabrina Chassagne, Es.
Sabrina Chassagne, P.A.
One NE 2nd Avenue, Suite 208
Miami, FL 33132
*Counsel of Record DE# 59*

RESPECTFULLY SUBMITTED,

SAGRE LAW FIRM, P.A.
Counsel for Debtor
5201 Blue Lagoon Drive, Suite 892
Miami, Florida 33126
Tel.: (305) 266-5999
Fax.: (305) 265-6223

By: _____/s/_____
    ARIEL SAGRE, ESQ.
    FLA. BAR. NO.: 557447

# EXHIBIT A

CFN 20190159486 BOOK 31362 PAGE 1268
DATE:03/12/2019 03:20:45 PM
HARVEY RUVIN, CLERK OF COURT, MIA-DADE CTY

# FJUD

IN THE CIRCUIT COURT OF THE
JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA
GENERAL JURISDICTION DIVISION

AMERICAN INVESTMENT SERVICES, LLP,
a Florida Limited Liability Partnership,
    Plaintiff,

v.

MARTHA HUNT, single, et al.

    Defendants,

CIRCUIT CIVIL DIVISION

CASE NO.: 18-36984 CA 15



## FINAL JUDGMENT OF FORECLOSURE

THIS ACTION was heard before the Court on Plaintiff's Motion for Summary Judgment on March 6, 2019. On the evidence presented, **IT IS ORDERED AND ADJUDGED** that Plaintiff's Motion for Summary Judgment is **GRANTED** against all Defendants listed by name: MARTHA HUNT, JAMAL HUNT, FLORIDA HOUSING FINANCE CORPORATION and MICROF, LLC.

1. **Amounts Due and Owing.** Plaintiff is due:

| | |
|---|---|
| Principal due on the note secured by the mortgage foreclosed: | $ 15,500.00 |
| Interest on the note and mortgage from 03/20/2008 to 01/31/2019 | $ 22,226.40 |
| Interest to date of this judgment | $ 190.40 |
| Late charges Accrued | $ 1,516.98 |
| Title search expenses | $ 175.00 |
| Taxes for the year(s) of _____ | $ 0 |
| Insurance premiums for the year(s) of _____ | $ 0 |
| Attorneys' Fees Total | $ 6,862.50 |
| **Court Costs Now Taxed:** | |
| Filing fee | $ 406.00 |
| Service of Process | $ 200.00 |
| Summons | $ 45.00 |
| Lis Pendens | $ 5.00 |
| SUBTOTAL | $ 47,127.28 |
| **Additional Costs:** | |
| Property Inspection | $ 275.00 |
| Publication for Sale | $ 245.00 |
| Foreclosure Fee | $ 70.00 |
| County Registration | $ 300.00 |
| Additional Fees (Mailing Fee, etc.) | $ 22.00 |

CFN: 20190159486 BOOK 31362 PAGE 1269

|  |  |
|---|---|
| SUBTOTAL | $   48,039.28 |
| Less:   Escrow Balance | $            0 |
| Less:   Other | $            0 |
| **GRAND TOTAL** | $   **48,039.28** |

2. **Interest.** The grand total amount referenced in Paragraph 1 shall bear interest from this date forward at the prevailing legal rate of interest.

3. **Lien on Property.** Plaintiff, whose address is 1497 NW 7th Street, Miami, Florida 33125, holds a lien for the grand total sum superior to all claims or estates of the defendant(s), on the following described property in Miami Dade County, Florida: 

> Lot 19, in Block 2, of HIGH HOUSE SUBDIVISION, according to the Plat thereof, as recorded in Plat Book 59, at Page 62, of the Public Records of Miami-Dade County, Florida.

Property address: 3031 NW 185 Terrace, Miami Gardens, Florida 33056-3010.



4. **Sale of property.** If the grand total amount with interest at the rate described in Paragraph 2 and all costs accrued subsequent to this judgment are not paid, the Clerk of the Courts shall sell the subject property at public sale. Pursuant to Administrative Order 09-18, the Clerk of the Courts for the Eleventh Judicial Circuit is authorized to conduct on-line public auctions of real property in lieu of on-site auctions. The Clerk of the Courts shall conduct the sale online at www.miamidade.realforeclose.com commencing at 9:00 A.M. on _____June 7_____, 201_7_, to the highest bidder for cash.

5. **Costs.** Plaintiff shall advance all subsequent costs of this action and shall be reimbursed for them by the Clerk if plaintiff is not the purchaser of the property for sale, provided, however, that the purchaser of the property for sale shall be responsible for documentary stamps affixed to the certificate of title. If plaintiff is the purchaser, the Clerk shall credit plaintiff's bid with the total sum with interest and costs accruing subsequent to this judgment, or such part of it, as is necessary to pay the bid in full.

6. **Distribution of Proceeds.** On filing the Certificate of Title, the Clerk shall distribute the proceeds of the sale, so far as they are sufficient, by paying: first, all of the plaintiff's costs; second, documentary stamps affixed to the Certificate; third, plaintiff's attorneys' fees; fourth, the total sum due to the plaintiff, less the items paid, plus interest at the rate prescribed in paragraph 2 from this date to the date of the sale; and by retaining any remaining amount pending the further order of this Court.

7. **Right of Redemption/Right of Possession.** Upon filing of the Certificate of Sale, defendant(s) and all persons claiming under or against defendant(s) since the filing of the Notice

CFN 20190159486 BOOK 31362 PAGE 1270

of Lis Pendens shall be foreclosed of all estate or claim in the property, except as to claims or rights under Section 45.01315, Florida Statutes (2013) shall be terminated, except as to claims or rights under Chapter 718 or Chapter 720, Fla. Stat., if any. Upon filing of the Certificate of Title, the person named on the Certificate of Title shall be let into possession of the property, subject to tenant protections in compliance with the provisions of Section 83.561, Fla. Stat. (2015).

8.    **Attorneys' Fees.** If a default judgment has been entered against the mortgagor:

Because a default judgment has been entered against the mortgagor and because the fees requested do not exceed 3% of the principal amount owed at the time the complaint was filed, it is not necessary for the court to hold a hearing or adjudge the requested attorneys' fees to be reasonable.

If no default has been entered against the mortgagor:

The court finds, based upon the affidavits/testimony presented and upon reasonable inquiry of counsel for the plaintiff that 18.3 hours were reasonably expended by that plaintiff's is counsel and that an hourly rate of $375.00 is appropriate. Plaintiff's counsel represents that the attorneys' fee awarded does not exceed its contract fee with the plaintiff. The court finds that there is/are no reduction or enhancement factors for consideration by the court pursuant to *Florida Patients Compensation Fund v. Rowe*, 472 So. 2d 1145 (Fla. 1985). (If the court has found that there are reduction or enhancement factors to be applied, then reduction or enhancement factors must be identified and explained herein).

If the fees to be awarded are a flat fee:

The requested attorneys' fees are a flat rate fee that the firm's client has agreed to pay in this matter. Given the amount of the fee requested and the labor expended, the court finds that a lodestar analysis is not necessary and that the flat fee is reasonable.

9.    **Jurisdiction.** The Court retains jurisdiction of this action to enter further orders that are proper, including, without limitation, writs of possession and deficiency judgments.

**IF THIS PROPERTY IS SOLD AT PUBLIC AUCTION, THERE MAY BE ADDITIONAL MONEY FROM THE SALE AFTER PAYMENT OF PERSONS WHO ARE ENTITLED TO BE PAID FROM THE SALE PROCEEDS PURSUANT TO THE FINAL JUDGMENT.**

**IF YOU ARE A SUBORDINATE LIEN HOLDER CLAIMING A RIGHT TO FUNDS REMAINING AFTER THE SALE, YOU MUST FILE A CLAIM WITH THE CLERK NO LATER THAN SIXTY (60) DAYS AFTER THE SALE. IF YOU FAIL TO FILE A CLAIM, YOU WILL NOT BE ENTITLED TO ANY REMAINING FUNDS.**

CFN: 20190159486 BOOK 31362 PAGE 1271

(If the property being foreclosed on has qualified for the homestead tax exemption in the most recent approved tax roll, the final judgment shall additionally contain the following statement in conspicuous type.)

IF YOU ARE THE PROPERTY OWNER, YOU MAY CLAIM THESE FUNDS YOURSELF. YOU ARE NOT REQUIRED TO HAVE A LAWYER, OR ANY OTHER REPRESENTATION AND YOU DO NOT HAVE TO ASSIGN YOUR RIGHTS TO ANYONE ELSE IN ORDER FOR YOU TO CLAIM ANY MONEY TO WHICH YOU ARE ENTITLED. PLEASE CHECK WITH THE CLERK OF THE COURT, 140 WEST FLAGLER STREET, ROOM 908, MIAMI, FLORIDA (TELEPHONE: (305) 375-5943), WITHIN (10) DAYS AFTER THE SALE TO SEE IF THERE IS ADDITIONAL MONEY FROM THE FORECLOSURE SALE THAT THE CLERK HAS IN THE REGISTRY OF THE COURT.

IF YOU DECIDE TO SELL YOUR HOME OR HIRE SOMEONE TO HELP YOU CLAIM THE ADDITIONAL MONEY, YOU SHOULD READ VERY CAREFULLY ALL PAPERS YOU ARE REQUIRED TO SIGN, ASK SOMEONE ELSE, PREFERABLY AN ATTORNEY WHO IS NOT RELATED TO THE PERSON OFFERING TO HELP YOU, TO MAKE SURE THAT YOU UNDERSTAND WHAT YOU ARE SIGNING AND THAT YOU ARE NOT TRANSFERRING YOUR PROPERTY OR THE EQUITY IN YOUR PROPERTY WITHOUT THE PROPER INFORMATION. IF YOU CANNOT AFFORD TO PAY AN ATTORNEY, YOU MAY CONTACT THE LEGAL AID SOCIETY AT THE DADE COUNTY BAR ASSOCIATION, 123 N.W. FIRST AVENUE, SUITE 214, MIAMI, FLORIDA, (TELEPHONE: (305) 579-5733), TO SEE IF YOU QUALIFY FINANCIALLY FOR THEIR SERVICES. IF THEY CANNOT ASSIST YOU, THEY MAY BE ABLE TO REFER YOU TO A LOCAL BAR REFERRAL AGENCY OR SUGGEST OTHER OPTIONS. IF YOU CHOOSE TO CONTACT THE DADE COUNTY BAR ASSOCIATION LEGAL AID SOCIETY, YOU SHOULD DO SO AS SOON AS POSSIBLE AFTER RECEIPT OF THIS NOTICE.

MAR 0 6 2019

DONE AND ORDERED in Chambers in Miami Dade County, Florida, this _____ day of _____, 201_.

_____
HONORABLE JOSE RODRIGUEZ
CIRCUIT COURT JUDGE

ORIGINAL
JUDGE JOSE M. RODRIGUEZ

Copies:
Michael P. Cudlipp, Esq.,
Hugh R. Brown, Esq.
Martha Hunt and Jamal Hunt at 3031 NW 185th Terrace, Miami Gardens, Florida 33056.
Microf, LLC, Attn: Corporation Service Company at 1201 Hays Street, Tallahassee, Florida 32301